UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DENALI THOMAS, ) | |
| ) | Case No. 3:22-cv-165 |
| ) | |
| ) | Judge Richard L. Young |
| Plaintiff, ) | |
| ) | Magistrate Judge Matthew P. Brookman |
| v. ) | |
| ) | Jury Demand |
| ) | |
| P.O. MICHAEL ROSE and ) | |
| DETECTIVE P. A. ZIMMER and ) | |
| CITY OF EVANSVILLE ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, DENALI THOMAS., by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, OFFICER MICHAEL ROSE, DETECTIVE P.A. ZIMMER, and City of Evansville, as follows:

**COUNT I – 42 U.S.C. § 1983 FALSE ARREST**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, DENALI THOMAS, accomplished by acts and/or omissions of the Defendants, P.O Michael Rose, and Detective P.A. Zimmer individually and officially, committed under color of law. Jurisdiction lies pursuant to 28 U.S.C. §1331, §1343, and supplemental jurisdiction under the State of Indiana.

2. Specifically, as a result of the egregious misconduct by the Defendants, the Plaintiff, DENALI THOMAS., was wrongfully arrested, charged with, and prosecuted for a crime he did not commit.

3. The Plaintiff, DENALI THOMAS., at all times was a United States citizen and a resident of Evansville, Indiana. His mother is Nicole Goodwin.

4. The Defendant, P.O Michael Rose was at all relevant times a Police Officer of Evansville, Indiana, acting within his scope of employment and under color of law.

5. On May 22, 2022, in the early morning hours P.O. Michael Rose was working off duty at the Corner Pocket Bar.

6. He and another off-duty officer investigated a fight in the vicinity of the 1800 block of North Fulton where shots were allegedly fired.

7. Numerous citizens ran from the area.

8. An individual flashed a gun and ran.

9. P.O Hollins took chase announcing his office and exchanged gun fire with an individual.

10. DENALI THOMAS was not involved in this shooting.

11. DENALI THOMAS did not commit an attempted murder upon Officer Hollins.

12. DENALI THOMAS did not shoot at any officer.

13. DENALI THOMAS was in the vicinity of the shooting with countless other individuals.

14. Shortly after the shooting the defendant P.O Michael Rose stopped DENALI THOMAS, took him in custody, and handcuffed him.

15. There were no witnesses who identified DENALI THOMAS as the shooter.

16. There was no forensic evidence tying DENALI THOMAS to this attempted murder of a police officer including gunshot residue on his hands or a weapon.

17. DENALI THOMAS did not have a gun in his possession.

18. In custody at the station Detectives P.O Michael Rose, and Detective P.A. Zimmer talked to DENALI THOMAS and informed him he was being charged with attempted murder of a police officer.

19. This charge was false.

20. There were numerous video tapes in the area exonerating DENALI THOMAS of this alleged attempted murder. There was clear evidence that DENALI THOMAS had nothing to do with this purported crime.

21. The defendants failed to consider Plaintiff, DENALI THOMAS'S alibi or the fact there was no evidence connecting him. There was clear evidence exonerating him.

22. The defendants gathered large amounts of evidence, which was clearly exculpatory, but delayed in turning it over to the Plaintiff or his counsel and failed to immediately go into court to release DENALI THOMAS knowing he was not the shooter/assailant.

23. Despite the lack of facts supporting probable cause that the Plaintiff had committed an attempted murder with a handgun, the defendants arrested and charged the Plaintiff for attempted murder on or about May 22, 2022.

24. The plaintiff was charged as an adult though he was a minor.

25. DENALI THOMAS'S identity was released to the press and it was broadcast and published in newspapers that he was charged with attempted murder to a police officer.

26. Upon his arrest, the Plaintiff was incarcerated in jail.

27. There was no probable cause to arrest Plaintiff, DENALI THOMAS.

28. There was no probable cause to charge DENALI THOMAS.

29. The Plaintiff was charged with the attempted murder of a police officer.

30. Plaintiff, DENALI THOMAS, at all times was innocent of any such crimes.

31. Plaintiff DENALI THOMAS was deprived of attending his grandmother's funeral as a result of being incarcerated in jail for a crime he did not commit.

32. The actions of the Defendants were intentional, willful, and wanton.

33. As a direct and proximate consequence of said conduct of the Defendants, and, the Plaintiff, DENALI THOMAS, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, and pain & suffering as damages to his reputation.

34. The actions of the Defendants violated Plaintiff's Fourth Amendment rights protected by 42 U.S.C. §1983.

**WHEREFORE** the Plaintiff, DENALI THOMAS, prays for judgement in his favor and against the Defendant, P.O Michael Rose and Investigator Zimmer jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

## COUNT II – 42 U.S.C. §1983 DUE PROCESS VIOLATION

35. The Plaintiff, DENALI THOMAS, realleges and incorporates his allegations of paragraphs 1 – 34 of Count I as his respective allegations of paragraphs 1 – 34 of Count II as though fully set forth herein.

36. The Plaintiff, DENALI THOMAS, was held in custody at the Vanderburgh County Confinement Center from approximately May 22, 2022, to June 15, 2022.

37. Said actions of the Defendants have violated the Plaintiff DENALI THOMAS'S right to due process as protected by the Fourteenth Amendment and 42 U.S.C. §1983 and *Manuel v. City of Joliet*.

38. The actions of the Defendants were intentional, willful, and wanton.

39. As a direct and proximate consequence of said conduct of the defendants, the Plaintiff DENALI THOMAS suffered violations of his constitutional rights, emotional anxiety. fear, emotional distress, pain and suffering and monetary expense.

**WHEREFORE** the Plaintiff, DENALI THOMAS, prays for judgment in his favor and against the Defendants, P.O. Michael Rose and Inv. P.A. Zimmer jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – MALICIOUS PROSECUTION / MANUEL CLAIM

1-39. The Plaintiff, hereby realleges and incorporates his allegations of paragraphs 1 – 39 of Counts I and II as his respective allegations of Count III as though fully set forth herein.

40. The Defendants proceeded with the prosecution of the Plaintiff knowing those charges were false.

41. The actions of the Defendants were intentional, willful, and wanton.

42. The Plaintiff retained counsel to represent him.

43. On or about June 15, 2022, the criminal charges were resolved in the Plaintiff's favor.

44. As a direct and proximate consequence of said conduct of the Defendants, P.O. Michael Rose and Investigator P.A. Zimmer, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear emotional distress, monetary loss, and pain and suffering.

**WHEREFORE** the Plaintiff, DENALI THOMAS, prays for judgment in his favor and against the Defendants, P.O. Michael Rose and Investigator P.A. Zimmer, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT IV– MALICIOUS PROSECUTION / STATE LAW

1-44. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 3-44 of Counts I and II AS HIS RESPECTIVE ALLEGATIONS of paragraphs 1-44 of Count IV as though fully set forth herein.

46. The defendants proceeded with the criminal prosecution of the plaintiff, DENALI THOMAS, knowing the allegations were false.

47. The actions of the defendants were intentional, willful, and wanton.

48. The plaintiff retained counsel to represent him.

49. On or about June 15, 2022, the criminal charges were resolved in the Plaintiff's favor.

50. As a direct and proximate consequence of said conduct of said conduct of the defendants, Plaintiff, DENALI THOMAS, suffered emotional anxiety, fear, embarrassment, emotional distress, monetary loss, pain and suffering and damage to his reputation.

**WHEREFORE** the Plaintiff, DENALI THOMAS, prays for judgment in his favor and against the Defendants, P.O. Michael Rose and Investigator P.A. Zimmer, or severally, in an amount of fair and reasonable compensatory damages, punitive damages and costs.

## COUNT V– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-50. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-50 of Court IV as his allegations at paragraph 1- of Court V as though fully set forth heard.

51. The actions of the defendants were intended to cause the plaintiff extreme intentional pain, suffering, fear, and emotional distress.

52. As a direct and proximate consequence of said conduct of said conduct of the defendants, Plaintiff, DENALI THOMAS, suffered emotional anxiety, fear, embarrassment, emotional distress, monetary loss, pain, suffering, and damage to his reputation.

**WHEREFORE** the Plaintiff, DENALI THOMAS, prays for judgment in his favor and against the Defendants, P.O. MICHAEL ROSE, INVESTIGATOR P.A. ZIMMER, individually, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages and costs.

## JURY DEMAND

The Plaintiff, DENALI THOMAS, requests a trial by jury.


Respectfully submitted,

/s/ Gregory E. Kulis
One of Plaintiffs' Attorneys

Gregory E. Kulis
Brian Orozco
Gregory E. Kulis & Associates, Ltd.
134 North LaSalle Street, Suite #444
Chicago, Illinois 60602
Tel. (312) 580-1830

## **CERTIFICATE OF SERVICE**

    The undersigned non-attorney hereby certifies that the above **Plaintiff's First Amended Complaint** was filed on January 26, 2023 with the Southern District of Indiana ECF System, thereby serving a copy on all parties.

                                                                         */s/ Scott P. Granfeldt*
                                                                         Scott Granfeldt